OPINION *Page 2 
{¶ 1} On October 19, 1968, appellant, Geraldine Dennis, and appellee, Charles Dennis, were married. On June 27, 2005, appellee filed a complaint for divorce.
 {¶ 2} Hearings before a magistrate were held on July 17, August 4, and September 15, 2006. By decision filed October 24, 2006, the magistrate found the "Papaw" farm was appellee's separate property, fashioned a distribution award of the marital property, and did not award either party spousal support. Appellant filed objections. By entry filed December 27, 2006, the trial court denied the objections and adopted the magistrate's decision.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO ACCEPT AN APPRAISAL FOR `PAPAW'S FARM' (THE LEATHERWOOD ROAD PROPERTY), CONSISTING OF SEVENTY ACRES WITH A RESIDENCE IN THE AMOUNT OF $140,000.00 AS IT WAS CONTRARY TO THE EVIDENCE."
 II {¶ 5} "IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO FIND THAT `PAPAW'S FARM' WAS THE SEPARATE PROPERTY OF APPELLEE."
 III {¶ 6} "IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO NOT AWARD SPOUSAL SUPPORT TO THE APPELLANT NOR RETAIN *Page 3 
JURISDICTION OVER THAT ISSUE BASED UPON THE UNEQUAL DIVISION OF ASSETS AND OTHER FACTORS AS CONTAINED IN O.R.C. SECTION 3105.18."
 IV {¶ 7} "IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO DISTRIBUTE THE MARITAL PROPERTY IN A WAY THAT WAS NOT EQUITABLE AND WAS UNEQUAL."
 {¶ 8} Appellant's assignments of error challenge the magistrate's specific facts and conclusions of law relative to marital and separate property, valuation of property, spousal support, and distribution of marital assets. All of these issues were raised in appellant's objections to the magistrate's decision pursuant to Civ.R. 53. However, a transcript of the hearing before the magistrate was not provided to the trial court. Appellant's attorney filed a timely affidavit on November 17, 2006 explaining the unavailability of a transcript as follows:
 {¶ 9} "Being first duly sworn, the undersigned states:
 {¶ 10} "He is the attorney for the Defendant in this case and says that no transcript of the proceedings is available, that the person who would type a transcript has informed him that she has not typed a transcript.
 {¶ 11} "It is the practice of this Court for the Judge to listen to the tape record of the proceedings to rule on the Objections, perhaps due to the short time allowed for filing objections, the time consumed by the Court Reporter in typing up such a record, and the expense of securing a typed transcript."
 {¶ 12} Civ.R. 53(D)(3)(b)(iii) provides for alternatives to the written transcript as follows: *Page 4 
 {¶ 13} "(iii) Objection to magistrate's factual finding; transcript oraffidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections."
 {¶ 14} We note this alternative means of preparing the record is available only upon leave of court. We do not find any such leave of court in the record sub judice. Further, there is no local rule that facilitates the automatic referral to alternative means. In addition, the trial court's entry denying the objections does not reference that it reviewed the proceeding via alternative means. In fact, the trial court stated it reviewed "the Objections and the Memorandums of Law filed in this matter":
 {¶ 15} "In accord with Civil Rule 53(E) the Court has reviewed the Objections and the Memorandums of Law filed in this matter. Based upon the Court's independent review, the Court finds that the Objections must be DENIED and the Decision of the Magistrate adopted as the Judgment of this Court." See, Entry filed December 27, 2006. *Page 5 
 {¶ 16} Based upon the above analysis, and without specific leave of court granting the use of alternative means, we find our review is limited to a review of the magistrate's findings to determine if they are sufficient to support the conclusions of law.
 II {¶ 17} We will address this assignment of error first as it relates to a decision on Assignments of Error I and IV. If this assignment of error fails, there is no need to determine the value of the separate property as it would not be used in the distribution award.
 {¶ 18} Appellant claims the magistrate and the trial court erred in finding the "Papaw" farm deeded solely to appellee in 1994 was his separate property. We disagree.
 {¶ 19} Separate property is defined in R.C. 3105.171(A)(6)(a) as follows in pertinent part:
 {¶ 20} "(6)(a) `Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
 {¶ 21} "(i) An inheritance by one spouse by bequest, devise, or descent during the course of the marriage;
 {¶ 22} "(vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse."
 {¶ 23} R.C. 3105.171(A)(6)(b) states, "[t]he commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." *Page 6 
 {¶ 24} In Finding of Fact No. 6, the magistrate discussed at length the issue of the Papaw farm:
 {¶ 25} "The Magistrate finds that the Plaintiff/Husband received `Papaw's farm' (the Leatherwood Road property) consisting of 70 acres and a residence from his father prior to his father's death. The Plaintiff/Husband's father reserved a life estate and subsequently died in 1994. Such property was appraised by Ernest Gardner, Jr. for $140,000. The Defendant/Wife presented testimony by another appraiser which was not credible or worthy of belief.
 {¶ 26} "The Magistrate, by agreement of the parties, takes judicial notice of Shelba Jeffries and Wanda Tackett vs. Charles H. Dennis andGeraldine Dennis, Guernsey County Case #94-CV-42. In that case, the Plaintiffs (the sisters of Charles H. Dennis) sued the parties herein, claiming that the 70 acre transfer in 1991 was without sufficient consideration, or was by fraud or duress. The property was appraised at $70,800.00 and $90,000.00. Later, in the same proceeding, the Defendant Geraldine Dennis sued Shelba Jeffries and Shelba Jeffries sued Geraldine Dennis for civil assault alleged to have occurred at the auction of the personal property of the Estate of Charles U. Dennis. The assault cross claims were dismissed by stipulation. The Court ruled in favor of the Defendants, the parties herein, which was upheld on appeal.Jeffries vs. Dennis, 1996 Ohio App. LEXIS 6122 (Plaintiff's Exhibit 22). The foregoing case established that Defendant/Husband's father, Charles U. Dennis, transferred `Papaw's farm' exclusively to his son, Plaintiff/Husband, with no consideration and to the exclusion of his two daughters and all other family members. No testimony or evidence in the instant case was presented that Plaintiff/Husband's father made such transfer *Page 7 
with any intent other than that reflected on the deed which names his son alone such that the land would continue in the Dennis family as a farm.
 {¶ 27} "The Magistrate finds that although Papaw's farm and the marital real estate were farmed as one unit, there has been no commingling as the real estate and residence remain essentially unchanged and traceable. Further, the Magistrate finds that although marital funds have been expended for maintenance and repairs at Papaw's farm, the marital estate has benefited from the use of such property by the receipt of rents, the use of crops and grazing, and tax benefits.
 {¶ 28} "There have been minor improvements, generally cosmetic in nature, and for the support of cattle ranging, including fencing on Papaw's farm over the years. Further, there have been expenditures on the farm to enrich the soil so that corn and hay could be used for the marital cattle. The use of Papaw's farm without rent being charged to the marital couple, benefited the marital estate. Further, throughout the ownership of Papaw's farm, the farmhouse has generally been rented and said rental income has benefited the marital estate."
 {¶ 29} In Conclusions of Law No. 6, the magistrate determined the Papaw farm was separate property:
 {¶ 30} "* * *
 {¶ 31} "The Magistrate concludes that Pesuit vs. Pesuit, 1997 Ohio App. LEXIS 5348, is on point and dispositive. As in the instant case, the intent of the grantor is clear and no consideration was given. Therefore, the Magistrate concludes that Papaw's farm, 70 acres and home, is the separate property of the Plaintiff/Husband." *Page 8 
 {¶ 32} The magistrate's decision is supported by the facts found by the magistrate. There was not any donative intent by appellee's father to deed Papaw's farm to both appellant and appellee. Further, any appreciation to Papaw's farm due to the parties' joint efforts was realized by the parties during the marriage.
 {¶ 33} Upon review, we find the trial court did not err in finding Papaw's farm to be appellee's separate property.
 {¶ 34} Assignment of Error II is denied.
 I, IV {¶ 35} These assignments challenge the valuation of the Papaw farm, and claim that in determining an equitable distribution of marital assets, the value of this separate property should have been considered. We disagree.
 {¶ 36} In denying Assignment of Error II, these two assignments have been rendered moot. Further, the distribution of marital assets should not involve the consideration of each party's separate property. Separate property is free and unaffected by the valuation of marital assets.
 {¶ 37} Assignments of Error I and IV are denied.
 III {¶ 38} Appellant claims the trial court erred in not awarding her spousal support. We disagree.
 {¶ 39} An award of spousal support is in the trial court's sound discretion. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and *Page 9 
not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 40} R.C. 3105.18 governs awards of spousal support and modification and states as follows:
 {¶ 41} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 42} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code;
 {¶ 43} "(b) The relative earning abilities of the parties;
 {¶ 44} "(c) The ages and the physical, mental and emotional conditions of the parties;
 {¶ 45} "(d) The retirement benefits of the parties;
 {¶ 46} "(e) The duration of the marriage;
 {¶ 47} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 48} "(g) The standard of living of the parties established during the marriage;
 {¶ 49} "(h) The relative extent of education of the parties;
 {¶ 50} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; *Page 10 
 {¶ 51} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 52} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience, and employment, is in fact, sought;
 {¶ 53} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 54} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 55} "(n) Any other factors that the court expressly finds to be relevant and equitable."
 {¶ 56} In Findings of Fact Nos. 25 and 26, the magistrate discussed the respective requests for spousal support and the parties' incomes as follows:
 {¶ 57} "25. The Magistrate finds that the Plaintiff/Husband seeks spousal support of $270.00 per month from the Defendant/Wife to cover the cost of his healthcare insurance through her employer under COBRA for 36 months. The Magistrate further finds that the Plaintiff/Husband has no healthcare insurance available through his employer as he is a licensed real estate agent. He is 60 years old. His estimated Social Security benefits at age 62 are $909.00 per month.
 {¶ 58} "26. The Magistrate finds that the Defendant/Wife seeks spousal support from the Plaintiff/Husband to provide for her on-going medical needs in the event that she is unable to continue working. She seeks a nominal order with on-going court jurisdiction. The Defendant/Wife recently had one knee replaced. She is still in need of *Page 11 
surgery for: 1) replacement of her other knee; 2) hernia and 3) bladder. She has healthcare insurance available through her employer and receives Sick Accident pay when off work for health related reasons. She is 61 years old and has been employed by Champion for over 30 years. Her estimated Social Security benefits at age 62 are $1,028.00 per month."
 {¶ 59} In Conclusion of Law No. 24, the magistrate discussed the parties' respective health issues and the need for spousal support as follows:
 {¶ 60} "24. The Magistrate concludes that all the factors contained in O.R.C. § 3105.18(C)(1) have been considered. The Magistrate concludes that although the Defendant/Wife has higher earning ability (a) (b), the Plaintiff/Husband has greater assets due to his separate property, Papaw's farm (i). The Magistrate further concludes that although the Defendant/Wife's physical and emotional condition is not as good as the Plaintiff/Husband (c), her social security benefits are greater (Plaintiff's Exhibit 9 10), she continues to accrue retirement benefits through her employer (d) and she has healthcare insurance available. Therefore, the Magistrate concludes that each parties need for and request of spousal support is offset against the others such that neither party should receive spousal support. The Court should not retain continuing jurisdiction over this issue."
 {¶ 61} We conclude, as to both parties, considering their relative ages (60 and 61) and their healthcare issues, the need for continuing jurisdiction on spousal support is unnecessary. Given appellant's greater earning capacity, her employer provided healthcare, and possible social security, we find the trial court did not abuse its discretion in denying appellant spousal support. *Page 12 
 {¶ 62} Assignment of Error III is denied.
 {¶ 63} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.
 Farmer, P.J. Wise, J. and Edwards, J. concur. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio is affirmed. *Page 1